**Electronically Filed**

D.R. 4137
**DAVID B. RUBIN, P.C.**
Attorney At Law
44 Bridge Street
P. O. Box 4579
Metuchen, New Jersey 08840
(732) 767-0440
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIGETTE DEAN-HINES, | : Civil Action No. 2:05-cv-3486 |
| Plaintiff, | : |
| vs. | : Civil Action |
| ROSS UNIVERSITY SCHOOL OF VETERINARY MEDICINE; DeVRY, INC.; DAVID DEYOUNG, individually and in his capacity as Dean of Ross University School of Veterinary Medicine, | : |
| Defendants. | : |

---

## BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE
## DECLARATIONS OF BRIGETTE DEAN-HINES AND JASON HINES

---

D.R. 4137
**DAVID B. RUBIN, P.C.**
Attorney At Law
44 Bridge Street
P. O. Box 4579
Metuchen, New Jersey 08840
(732) 767-0440
Attorney for Plaintiffs

**DAVID B. RUBIN**
On the Brief

## TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS..........................................ii


**ARGUMENT**

       **THE DECLARATIONS IN QUESTION SHOULD
       NOT BE STRICKEN**......................................1

i

## TABLE OF CITATIONS

**Page**

### Cases

Barthelemy v. Air Lines Pilots Association, 897 F. 2d 999, 1018 (9th Cir. 1990).....................................1

ii

## ARGUMENT

## THE DECLARATIONS IN QUESTION SHOULD NOT BE STRICKEN.

Defendants argue that the declarations of plaintiff, Brigette Dean-Hines, and her husband, Jason Hines, should be stricken because they are not based on personal knowledge.  The premise of defendants' argument is that the declarations do not contain the formulaic reference to "personal knowledge," and, even they did, they present information that declarants could not possibly know.

We note at the outset that defendants have not even denied, much less refuted through any competent evidence, the statements made in these declarations.  This is significant, because defendants surely have knowledge of all the facts in question, and would be in a position to set the record straight if these declarants had misstated anything.  Instead, defendants attempt to distract the Court's attention from the undeniable truth by challenging the technical form of the documents.  For the following reasons, the Court should reject their argument.

We agree that sworn statements must be based on personal knowledge, but are unaware of any requirement that the phrase "personal knowledge" be explicitly stated.  "That Rule 56(e)'s requirements of personal knowledge and competence to testify have been met may be inferred from the [sworn statements] themselves." Barthelemy v. Air Lines Pilots Association, 897 F. 2d 999, 1018 (9th Cir. 1990).  Unlike affidavits that raise red flags by use of terms such as "to the best of my knowledge," or "on information and belief," the statements before the Court appear on their face

to recite facts of which the declarants have personal knowledge.

Plaintiff, Brigette Dean-Hines, was a student at Ross, and would be expected to have personal knowledge of where the school's admissions, financial aid and student complaint functions would be conducted.  Her husband was a Ross employee at the St. Kitts campus, and it is readily inferable that she would be familiar with the origin of employee paychecks.  Defendants make no attempt to challenge Jason Hines's eye-witness account of the staff meeting conducted by corporate counsel from New Jersey, but attack one sentence referring to his "understanding that approximately 80% of Ross students were recipients of U.S. federal student aid."   Assuming (but not conceding) that the use of the word "understanding" presents a problem, it is of no moment for two reasons: first, he was describing his state of mind at the time certain statements were being made to him by a Ross employee; second, it has already been established through other proofs submitted in opposition to defendants' motion to dismiss that the vast majority of Ross students are U.S. citizens receiving U.S. financial aid.

For these reasons, we respectfully submit that defendants'
motion should be denied.

Respectfully submitted,

**DAVID B. RUBIN, P.C.**
Attorney for Plaintiff

By: ___s/ David B. Rubin (DR4137)
          DAVID B. RUBIN

Dated: September 12, 2005

3